# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### November 13, 2014 Session

## MICHAEL SAVAGE  v. CITY OF MEMPHIS

**Direct Appeal from the Chancery Court for Shelby County**
**No. Ch-13-1491-2      Arnold B. Goldin, Chancellor**

_____

**No. W2014-01067-COA-R3-CV - Filed February 9, 2015**

_____

In this appeal, we are asked to determine whether an Assistant City Attorney of the City of Memphis was an agent properly authorized to settle a dispute with a former employee. The former employee sued the City to enforce a settlement agreement he purportedly reached with the Assistant City Attorney for an amount in excess of $500.00. His complaint alleged that although he was never informed that the agreement was contingent on the Mayor's approval, the Mayor subsequently rejected the agreement, and the City, based on the Mayor's rejection, refused to honor it. The Memphis City Charter provides that the City Attorney has independent authority to settle claims against the City for amounts less than $500.00, but settlements for amounts exceeding $500.00 must be entered "by and with the approval of the Mayor." After a period of discovery, the City filed a motion for summary judgment contending that the former employee's evidence was insufficient to establish that the Assistant City Attorney acted with authority to bind the City to the settlement agreement. The former employee opposed the City's motion and filed his own motion for summary judgment, in which he argued that evidence established the Mayor either actually or apparently authorized the Assistant City Attorney to enter the settlement agreement. The trial court granted the former employee's motion for summary judgment after finding that the Assistant City Attorney acted with apparent authority to enter the settlement agreement. On appeal, we find that the record does not contain evidence sufficient to establish that the Assistant City Attorney acted with either actual or implied authority to bind the City. In light of our findings, we reverse the trial court and hold that summary judgment should be granted in favor of the City.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Philip E. Oliphant, Assistant City Attorney, Memphis, Tennessee, for the appellant, City of Memphis.

Darrell James O'Neal, Memphis, Tennessee, for the appellee, Michael Savage.

## OPINION

### I. BACKGROUND AND PROCEDURAL HISTORY

The facts in this case are largely undisputed. Michael Savage ("Mr. Savage") is a former employee of the City of Memphis, Public Works Division. Following the termination of his employment, Mr. Savage initiated legal proceedings against the City of Memphis (the "City") claiming that he was disciplined more harshly than a female supervisor. The City's Civil Service Commission ("Commission") upheld the termination, and Mr. Savage filed a Petition for Writ of Certiorari in chancery court. The chancery court found substantial and material evidence to support the Commission's decision but remanded the matter to the Commission for specific findings on Mr. Savage's equal protection claims.

On or about July 12, 2012, prior to the hearing on remand, Assistant City Attorney Barbaralette Davis ("Ms. Davis"), acting with the approval of City Attorney Herman Morris ("Morris" or "City Attorney Morris"), contacted Mr. Savage to discuss submitting the dispute to mediation. Mr. Savage agreed to participate in mediation, and the parties agreed that retired Judge Bernie Weinman would serve as the mediator in the case. On July 18, Ms. Davis emailed Judge Weinman and stated, "I would like to know what are your requirements regarding having available someone with the authority to settle so that I can arrange to have someone on hand, if necessary." Judge Weinman responded the following day with an email to Ms. Davis and Mr. Savage's attorney, which stated, "Please have someone with authority to settle at the mediation. It is essential that you have someone available with authority to reach an agreement in the case."

The parties met with Judge Weinman to mediate the dispute on August 2, 2012. Ms. Davis represented the City in the mediation as an Assistant City Attorney. In addition to Ms. Davis, two other City employees participated in the mediation – Phillip Davis, the Solid Waste Operations Administrator for the Division of Public Works, participated in person, and Dwan Gilliom, the Director of the Division of Public Works ("Director Gilliom"), participated by telephone. The mediation was successful, and the parties reached an agreement to settle the matter for $72,000. On August 23, Ms. Davis sent a written draft of the settlement agreement to Mr. Savage's counsel. Ms. Davis asked that Mr. Savage sign and return the agreement and advised that, in the meantime, she would "get the ball rolling on getting the check request routed." Mr. Savage agreed to the settlement agreement's terms

and signed it. The settlement agreement did not have a space designated for the mayor's signature, nor did it contain any language to indicate that the enforceability of the agreement was subject to the mayor's approval. Nevertheless, the agreement was later submitted to City Mayor AC Wharton (the "Mayor" or "Mayor Wharton") for approval. Mayor Wharton testified that he knew nothing about the case until the proposed agreement was submitted to him, and that he rejected the settlement after reviewing it.

Mr. Savage commenced the current lawsuit on October 2, 2013 by filing a "Petition to Enforce Settlement" in Shelby County Chancery Court. Mr. Savage argued that the City was bound by the settlement agreement because Ms. Davis had authority to settle the matter and its terms were agreed on and memorialized in writing. In his supporting memorandum of law, Mr. Savage contended that Mayor Wharton delegated authority to settle lawsuits to the City Attorney pursuant to Section 194 of the Memphis City Charter, which states:

> **Authority to settle lawsuits.**
> The City Attorney of the City of Memphis shall have authority to compromise and settle all civil litigation to which the City of Memphis may be a party wherever the amount of such compromise or settlement does not exceed $500.00 and said City Attorney, by and with the approval of the Mayor of the City of Memphis, shall have authority to compromise and settle any and all claims or civil litigation to which the City of Memphis may be a party where the amount of such compromise or settlement exceeds $500.00.

Mr. Savage argued that Ms. Davis's actions before, during, and after the mediation made it clear that she had authority to settle the matter on behalf of the City.

The City answered, admitting that Ms. Davis reached a proposed agreement with Mr. Savage during the mediation, but denying that the agreement was ever ratified or executed by the City. The City argued that it was not bound to the settlement agreement because Ms. Davis had no actual or apparent authority to enter it without the Mayor's approval.

After a period of discovery, the City and Mr. Savage each filed motions for summary judgment. On April 8, 2013, the trial court held a hearing on the parties' competing motions for summary judgment. At the outset of the hearing, the trial court asked the parties whether any material facts were in dispute. Both parties stipulated that they were in agreement regarding the material facts of the case and that their only dispute was over the legal implications of those facts. On May 6, 2014, the trial court entered an order granting Mr. Savage's motion for summary judgment and denying the City's motion upon finding that Ms. Davis had apparent authority to bind the City to the settlement agreement, given the circumstances of the case. The trial court found that "the appearance of apparent authority

is traceable to the Mayor" because Ms. Davis initiated mediation with the approval of City Attorney Morris, "and it is Morris who is the Mayor's agent for the negotiation and execution of agreements in settlement of litigation." The court also noted that Director Gilliom, who was appointed by Mayor Wharton and reported directly to him, participated in the mediation by telephone. While the trial court acknowledged that "it may be true that the Mayor did not directly know about this case until after mediation," it found that because his agent, City Attorney Morris, approved of Ms. Davis's pursuit of the mediation, and his appointee, Director Gilliom, participated in the mediation, "the Mayor's claimed lack of knowledge, by itself, cannot serve as a defense." The court concluded that "a reasonably prudent person, under all of the circumstances, would naturally expect that the Mayor acquiesced in the appearance of authority that was manifested at the mediation." The trial court found that Mr. Savage had a reasonable and good faith belief that "persons with sufficient authority participated in the mediation." The trial court also found that Mr. Savage relied on that belief to his detriment because he expended time and resources by participating in the mediation and by engaging in litigation to enforce the settlement agreement.

The City timely filed a Notice of Appeal to this Court on May 20, 2013. The only questions the City presents on appeal are whether the trial court erred in granting Mr. Savage's motion for summary judgment on the basis of apparent authority and whether the trial court erred in denying the City's motion for summary judgment.

## II. STANDARD OF REVIEW

This appeal is from a grant of summary judgment. The trial court's resolution of a motion for summary judgment presents a question of law, which we review *de novo* on appeal, according no deference to the trial court's decision. *Wells ex rel. Baker v. State*, 435 S.W.3d 734, 749 (Tenn. Ct. App. 2013). Summary judgment is appropriate in virtually any civil case that can be resolved on the basis of legal issues alone. *Estate of Brown*, 402 S.W.3d 193, 197 (Tenn. 2013). However, summary judgment should not be granted in cases where the material facts are disputed or when more than one conclusion or inference can be reasonably drawn from the facts. *King v. Betts*, 354 S.W.3d 691, 711 (Tenn. 2011). In order to be granted summary judgment, the moving party must demonstrate that there are no genuine issues of material fact and that it is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04; *see Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn. 2008).

Rule 56 of the Tennessee Rules of Civil Procedure permits any party to move for summary judgment regardless of whether that party is the plaintiff or defendant. *CAO Holdings, Inc. v. Trost*, 333 S.W.3d 73, 82 (Tenn. 2010). Accordingly, courts may from time to time be confronted with cross-motions for summary judgment. *Id.* In such cases, a court must rule independently on each motion and determine, with regard to each motion, whether

disputes of material fact with regard to that motion exist and, if not, whether the party filing the motion met the requirements of Rule 56. *Id.* at 83. The denial of one party's motion for summary judgment does not necessarily imply that the other party's motion should be granted. *Id.* When considering competing cross-motions for summary judgment, the court must take care to resolve all factual disputes and any competing rational inferences in the light most favorable to the party opposing each motion. *Id.*

Here, both the City and Mr. Savage filed motions for summary judgment. The trial court granted Mr. Savage's motion and denied the City's. On appeal, the City contends that the trial court erred both by granting Mr. Savage's motion and by denying its motion. Even if the trial court erred by granting Mr. Savage's summary judgment motion, it does not necessarily follow that the City was entitled to summary judgment. *See id.* at 87 (holding that although the parties agreed regarding the material facts, "the existence of genuine disputes involving the inferences to be drawn from the material facts should have prevented the trial court from granting summary judgment to either party"). Accordingly, we must first determine whether the trial court erred by granting Mr. Savage's motion for summary judgment. If we determine that the trial court so erred, we must then determine whether the City demonstrated that it was independently entitled to summary judgment.

### III. ANALYSIS

This case requires us to apply the rules and laws governing agency. Agency is a fiduciary relationship that arises when one person (a "principal") manifests assent to another person (an "agent") that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests or otherwise consents to do so. *Morrison v. Allen*, 338 S.W.3d 417, 450 (Tenn. 2011) (Koch, J., concurring in part and dissenting in part) (citing Restatement (Third) of Agency § 1.01 (2006)). One of the fundamental principles of agency law is that a principal is neither bound by a contract made by a person who is not his agent, nor by a contract made by an agent who acted beyond the scope of the agent's authority, absent a valid ratification by the principal. *Webber v. State Farm Mut. Auto. Ins. Co.*, 49 S.W.3d 265, 269-270 (Tenn. 2001). In this case, both parties characterize Mayor Wharton as the principal and Ms. Davis as his agent.[1] Accordingly, the parties do not dispute that Ms. Davis was acting as an agent of Mayor Wharton – and by extension, the City – when she entered the settlement agreement. Rather, the parties only dispute whether, in doing so,

---

[1]While it may be more accurately stated that the City is the principal, Mayor Wharton is the City's agent, and Ms. Davis is Mayor Wharton's subagent, the distinction is not necessary. Where an agent appoints a subagent to perform functions on behalf of the agent's principal, the relationship between the agent and the subagent is governed by the same rules of agency that govern a principal-agent relationship. Restatement (Third) of Agency § 1.04 (2006).

Ms. Davis acted beyond the scope of her authority such that the City is not bound by her action.

There are two bases under which the common law attributes the legal consequences of an agent's actions to the principal: actual authority and apparent authority. *Milliken Grp. Inc. v. Hays Nissan, Inc.*, 86 S.W.3d 564, 567 (Tenn. Ct. App. 2001). An agent's actual authority "consists of the powers which a principal directly confers upon an agent or causes or permits him to believe himself to possess." *Id.* (citing 2A C.J.S. *Agency* § 147 (1972)). It flows from the manifestations of the principal to the agent. *Id.* Actual authority can therefore be further categorized as either express or implied. *Id.* Even where the principal has not given the agent actual authority to take a certain course of action, the agent may still bind the principal if he had apparent authority. *Id.* at 569. Apparent authority is essentially agency by estoppel, in that its creation and existence depends on some conduct by the principal that will preclude him from denying liability for the acts of the agent. *Boren ex rel. Boren v. Weeks*, 251 S.W.3d 426, 432 (Tenn. 2008). It is power held by the agent "to affect a principal's legal relations with third parties when a third party reasonably believes the [agent] has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations." *Barbee v. Kindred Healthcare Operating, Inc.*, No. W2007-00517-COA-R3-CV, 2008 WL 4615858, at *6 (Tenn. Ct. App. Oct. 20, 2008) (citing Restatement (Third) of Agency § 2.03 (2006)).

The primary issue in this case is whether Ms. Davis had implied or apparent authority to bind the City to the settlement agreement with Mr. Savage without Mayor Wharton's express approval. Having established the requisite standards for establishing implied and apparent authority, we now examine the trial court's rulings on the parties' competing motions for summary judgment.

### A. Grant of Savage's Motion for Summary Judgment

Following a period of discovery, Mr. Savage filed a motion for summary judgment arguing that he was entitled to judgment as a matter of law because the undisputed facts established that Ms. Davis had both implied and apparent authority to enter into the settlement agreement and that the settlement agreement was enforceable under the laws of contract. The trial court found that Ms. Davis had apparent authority to enter the settlement agreement and granted summary judgment in favor of Mr. Savage based on that fact. Before we address the propriety of the trial court's ruling, we briefly consider the showing of proof required of Mr. Savage on his motion for summary judgment. If this case had proceeded to trial, Mr. Savage would have had the burden of persuading the court that Ms. Davis had the authority to bind the City to the terms of the settlement agreement and that she did so by her actions. *See Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 653 (Tenn. 2009) ("The

burden of proof rests with the party asserting the agency relationship."); *Randolph v. Randolph*, 937 S.W.2d 815, 821 (Tenn. 1996) ("[T]he burden of proving the existence of a valid contract is upon the person relying on the contract."). Where the party moving for summary judgment has the burden of persuasion at trial, he must produce evidence for each unadmitted element of his claim, and the evidence must be such that, if uncontradicted, no reasonable jury could find against the movant. *See* ROBERT BANKS, JR. & JUNE F. ENTMAN, TENNESSEE CIVIL PROCEDURE § 9-4(m) (3d ed. 2009). Accordingly, for the trial court's grant of summary judgment to be proper, the record must reflect that Mr. Savage presented uncontradicted evidence sufficient to satisfy each unadmitted element of apparent authority.

In Tennessee, a party seeking to establish apparent authority must prove three elements: (1) the principal knew or negligently acquiesced in the agent's exercise of authority; (2) the third person had knowledge of the facts and a good faith belief that the apparent agent possessed such authority; and (3) the third person relied on this apparent authority to his or her detriment. *Boren ex rel. Boren*, 251 S.W.3d at 432-33 (quoting *White v. Methodist Hosp. S.*, 844 S.W.2d 642, 646 (Tenn. Ct. App. 1992)). Notably, apparent authority is established through acts of the principal rather than those of the agent. *Id.* at 433. As the Tennessee Supreme Court has explained:

> The apparent power of an agent is to be determined by the acts of the principal and not by the acts of the agent; a principal is responsible for the acts of an agent within his apparent authority only where the principal himself by his acts or conduct has clothed the agent with the appearance of authority, and not where the agent's own conduct has created the apparent authority. The liability of the principal is determined in any particular case, however, not merely by what was the apparent authority of the agent, but by what authority the third person, exercising reasonable care and prudence, was justified in believing that the principal had by his acts under the circumstances conferred upon his agent.

*Id.* (citations omitted). Accordingly, where the principal, by his own acts or conduct, has clothed the agent with the appearance of authority to act on his behalf, he is estopped from denying liability for the acts of the agent acting within that authority. *Milliken Grp., Inc.*, 86 S.W.3d at 569.

The City contends that Mr. Savage failed to present sufficient undisputed evidence to establish, as a matter of law, that Ms. Davis had apparent authority to enter the settlement agreement. The trial court found that the uncontradicted evidence clearly showed that Ms. Davis's apparent authority was traceable to the Mayor because (1) Ms. Davis pursued mediation with the approval of the City Attorney Morris, who testified that he is Mayor

Wharton's agent for negotiation and execution of settlement agreements; and (2) two of Mayor Wharton's appointees in the City's Division of Public Works participated to some degree in the mediation. However, neither the approval of Mayor Wharton's agent nor the fact that two of Mayor Wharton's appointees were present at the mediation establishes that Mayor Wharton himself took any action to clothe Ms. Davis with the appearance of authority to act on his behalf. Even though City Attorney Morris testified that he is the Mayor's agent for negotiation and execution of settlement agreements, his independent authority to do so is expressly limited by the Memphis City Charter to amounts equal to or less than $500.00. There is no evidence in the record that establishes that Mayor Wharton took any action to give the appearance that the City Attorney or Ms. Davis was authorized to enter settlement agreements in excess of that amount. The fact that two of Mayor Wharton's appointees participated in the mediation does not, by itself, establish that he took any such action, as there is no evidence in the record to indicate that either of the two appointees had any authority to approve the settlement amount. After reviewing the record, we disagree with the trial court's conclusion that the foregoing undisputed facts establish as a matter of law that Ms. Davis's apparent authority was traceable to Mayor Wharton's actions or conduct. In light of that finding, discussion of Mr. Savage's good faith and detrimental reliance is pretermitted, and we conclude that the trial court erred in granting summary judgment to Mr. Savage.

### B.  Denial of the City's Motion for Summary Judgment

Having determined that the trial court erred in granting summary judgment to Mr. Savage based on apparent authority, we turn to the City's argument that the trial court erred in denying its motion for summary judgment. Before we address the propriety of the trial court's ruling, we briefly consider the proof the City was required to show in support of its motion. As previously stated, Mr. Savage, not the City, would have had the burden of persuasion at trial in this case. Accordingly, with regard to the City's motion for summary judgment, the trial court was required to apply the summary judgment standard set forth in Tennessee Code Annotated section 20-16-101.[2] That statute provides:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>     (1)  Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or

[2]Mr. Savage's "Petition to Enforce Settlement" was filed on October 2, 2013 as a case separate from the underlying appeal from Civil Service Commission. Section 20-16-101 is applicable to all cases filed on or after July 1, 2011.

(2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101 (Supp. 2014). Section 20-16-101 is intended to re-establish the "put up or shut up" standard of burden shifting in summary judgment cases that existed in Tennessee prior to *Hannan v. Alltel Publishing Co.*, 270 S.W.3d 1 (Tenn. 2008). *Walker v. Bradley Cnty. Gov't*, 447 S.W.3d 877, 880 n.3 (Tenn. Ct. App. 2014).

The City contends that it is entitled to judgment as a matter of law because the undisputed facts established that Ms. Davis did not have actual or apparent authority to enter into the settlement agreement. As discussed in the foregoing section, Mr. Savage failed to produce evidence of any action or conduct by Mayor Wharton to clothe Ms. Davis with the appearance of authority. Accordingly, a grant of summary judgment in favor of the City is appropriate unless there is a genuine question of material fact regarding Ms. Davis's actual authority – either express or implied – to enter the settlement agreement. Though the issue is not raised by the parties, we note as a preliminary matter that it is undisputed that Mayor Wharton did not give Ms. Davis express authority to enter into the settlement agreement because the parties do not dispute that the Mayor was unaware of the agreement until it was submitted to him for approval. Thus, the only remaining avenue for Mr. Savage to assert that Ms. Davis had authority to enter the settlement agreement without Mayor Wharton's approval is through implied authority.

Though the trial court did not address implied authority in its final order, we proceed to discuss it in the interest of judicial economy, as the parties addressed it in their respective motions, filings, and briefs on appeal. *See Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 314 (Tenn. 2014) (noting that judicial economy supports appellate courts' consideration of matters not discussed in a trial court's order where doing so will not significantly hamper review of the trial court's decision). Implied authority is often used to mean actual authority either to do what is necessary to accomplish the agent's express responsibilities, or to act in a manner that the agent reasonably believes the principal wishes the agent to act, in light of the principal's objectives and manifestations. *Barbee v. Kindred Healthcare Operating, Inc.*, No. W2007-00517-COA-R3-CV, 2008 WL 4615858, at *6 (Tenn. Ct. App. Oct. 20, 2008) (citing Restatement (Third) of Agency § 2.01 cmt. b (2006)). It has been described as actual authority circumstantially proved, evidenced by conduct, or inferred from a course of dealing between the principal and the agent. *Bells Banking Co. v. Jackson Ctr., Inc.*, 938 S.W.2d 421, 424 (Tenn. Ct. App. 1996). The Restatement explains implied authority as the authority

> to do what is necessary, usual, and proper to accomplish or perform an agent's express responsibilities or . . . to act in a manner in which an agent believes the principal wishes the agent to act based on the agent's reasonable interpretation

of the principal's manifestation in light of the principal's objectives and other facts known to the agent.

Restatement (Third) of Agency § 2.01 cmt. b (2006).

Mr. Savage contends that the City is not entitled to judgment as a matter law because it can be reasonably inferred from the evidence in the record that Mayor Wharton impliedly authorized Ms. Davis to enter the settlement agreement through his course of dealing with the City Attorney's Office. After careful review, we find that the record fails to reveal any conduct or course of dealing between Mayor Wharton and the City Attorney's Office from which it can reasonably be inferred that the Mayor impliedly authorized Ms. Davis to enter settlement agreements exceeding $500.00 without his approval. Savage relies on evidence that Ms. Davis thought she had authority to bind the City to the settlement agreement. He points out that Ms. Davis received Judge Weinman's instruction to provide someone with settlement authority at the mediation, that she emailed Savage a draft of the settlement agreement advising him that she would "get the ball rolling on the check," and that the agreement itself did not include a line for the Mayor's signature. While this evidence may lead a reasonable person to infer that Ms. Davis believed she had authority to enter the settlement agreement, an agent's subjective belief alone is not sufficient to establish implied authority where it is not based on a reasonable interpretation of the principal's manifestation in light of his objectives and other facts known to the agent. Given the undisputed facts of this case, any such belief by Ms. Davis was not reasonable. The Memphis City Charter clearly states that the City Attorney may only settle matters exceeding $500.00 "by and with the approval of the Mayor." Mayor Wharton testified that, in some cases, the City Attorney seeks advance authority to settle matters in excess of $500.00. Additionally, City Attorney Morris testified that the Mayor approves settlements reached by the City Attorney's office "in most instances." However, there is no evidence in the record of any past settlement agreement exceeding $500.00 that was not presented to the Mayor for approval either before or after mediation. Savage emphasizes that Mayor Wharton had approved nearly every settlement agreement he was presented. However, given the infinitely broad spectrum of matters that could conceivably be resolved by the City through such agreements, no reasonable person could infer that by approving any number of settlement agreements, the Mayor impliedly waived all objections in future matters. While we decline to hold that no circumstance exists under which the Mayor could impliedly grant authority to the City Attorney to enter settlements exceeding $500.00 through his course of dealing with the City Attorney's Office, such circumstances certainly do not exist in this case given the undisputed facts in the record before us. We find that the record does not reveal any conduct or course of dealing between Mayor Wharton and the City Attorney's Office that would evidence the Mayor's intent that Ms. Davis have such authority as that at issue here. In conclusion, because the evidence in the record is insufficient to establish that Ms. Davis acted with actual

or apparent authority in executing the settlement agreement, we find that the City is entitled to judgment as a matter of law in this case.

## IV. CONCLUSION

After thoroughly reviewing the record and considering the arguments of the parties, we find that the trial court erred in granting summary judgment to Mr. Savage based on apparent authority, as there is no evidence in the record to indicate that Ms. Davis's actions were traceable to any act or conduct by the Mayor. Moreover, we find that the City is entitled to judgment as a matter of law because the evidence in the record is insufficient to establish that Ms. Davis had authority to enter the agreement. We reverse the trial court's order, vacate the summary judgment granted to Mr. Savage, and remand the case to the trial court and direct the trial court to enter summary judgment on behalf of the City. The costs of this appeal are taxed to Michael Savage for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE