
IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 8, 2017 Session

## WESLEY FINCH v. O. B. HOFSTETTER/ANDERSON TRUST, ET AL.

**Appeal from the Chancery Court for Davidson County**
No. 14-958-IV      Russell T. Perkins, Chancellor

———————————————————————

No. M2016-00562-COA-R3-CV

———————————————————————

This appeal stems from a dispute over a tract of real property in Nashville. The plaintiff, who claims to have entered into an enforceable contract for sale of the disputed tract, brought multiple claims against multiple defendants after the land was not transferred to him. After competing cross-motions for summary judgment were filed, the trial court dismissed all of the plaintiff's claims, finding, *inter alia*, that the plaintiff never entered into a valid, enforceable contract regarding the subject property. For the reasons stated herein, we affirm and remand for further proceedings consistent with this Opinion.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which RICHARD H. DINKINS and W. NEAL MCBRAYER, JJ., joined.

G. Kline Preston, IV, Nashville, Tennessee, for the appellant, Wesley Finch.

John L. Whitfield, Jr., Nashville, Tennessee, for the appellees, Charles Garrett Anderson, Allen French Anderson, Noel A. Anderson, Holly Wilds, Kenneth W. Gilbert as Trustee of the Eunice Miller Testamentary Trust, O.B. Hofstetter, III, James Hofstetter, Jim Anderson, Jill Anderson, Christian S. Hofstetter, and Robert B. Hofstetter.

Aaron S. Guin, Nashville, Tennessee, for the appellees, Josh Anderson and Keller Williams Realty.

John R. Jacobson, Chris Vlahos, and Katherine R. Cloud, Nashville, Tennessee, for the appellees, William T. Chapman, IV, Individually and as Trustee for the River Road Trust, Eric Church, and Katherine Gooch Blasingame.

**OPINION**

**Background and Procedural History**

The property at issue in this appeal, hereinafter referred to as the River Road Property, is located at River Road Pike in Nashville, Tennessee. It was formerly owned by the following individuals and entities as tenants in common: Charles Garrett Anderson; Allen French Anderson; Noel A. Anderson; Holly Wilds; Hillsboro-Harpeth Corporation; Kenneth Gilbert, Trustee of the Eunice Miller Testamentary Trust; O.B. Hofstetter, III; James C. Hofstetter; Christian S. Hofstetter; and Robert B. Hofstetter (collectively, the "Former Owners"). Mr. Wesley Finch ("Mr. Finch"), who is the Plaintiff/Appellant in this matter, claims that he is entitled to the River Road Property by virtue of a document executed on June 4, 2014 (the "June 4 document"). The June 4 document consists of a Keller Williams Realty "Lot/Land Purchase and Sale Agreement" for the entirety of the River Road Property, and Mr. Finch contends that it represents a valid contract for the sale of land. Although the June 4 document is signed by Mr. Finch, there is no dispute that it is not signed by all of the Former Owners.

According to the Former Owners' real estate agent, Josh Anderson ("Mr. Anderson"), an affiliate broker with Keller Williams Realty, the June 4 document was sent to Mr. Finch in error. Mr. Anderson claims that he called Mr. Finch subsequent to the transmission of the June 4 document to notify him that not all of the Former Owners had approved the sale of the River Road Property. Mr. Finch maintains that this did not occur. According to Mr. Finch, Mr. Anderson called him after the signing of the June 4 document to confirm the sale and to state that he was glad the parties had been able to reach a deal.

Although Mr. Finch delivered a $50,000.00 earnest money check in connection with the June 4 document, this check was returned to him uncashed. During a June 11, 2014 phone conversation with one of the Former Owners, Mr. Finch was informed that (a) he did not have a valid contract and (b) the Former Owners had received a higher offer. It is undisputed that the parties whose names appear on the June 4 document never closed with Mr. Finch. Indeed, no warranty deed was delivered in connection with the June 4 document, nor was the purchase price offered by Mr. Finch ever paid to the Former Owners. Rather than sell the River Road Property to Mr. Finch, the Former Owners accepted the higher offer they had received and sold the land to its current owners ("Current Owners").

On July 2, 2014, Mr. Finch filed suit in the Davidson County Chancery Court as a result of his failure to close on the River Road Property. The complaint was asserted against the owners who had signed the June 4 document, as well as Mr. Anderson and

Keller Williams Realty (collectively, the "Realtor Defendants"). Aside from requesting compensatory and punitive damages, Mr. Finch sought specific performance of his alleged contract for the purchase of the property. The same day that he filed his initial complaint, Mr. Finch registered a notice of lien lis pendens in the office of the Davidson County Register of Deeds. Approximately ten minutes after Mr. Finch filed his notice of lien lis pendens, the Current Owners registered the warranty deed that transferred the River Road Property to them.

Shortly after the commencement of this action, on July 31, 2014, Mr. Finch filed an amended complaint, wherein he named other former owners as defendants, as well as the Current Owners. A litany of pleadings was soon filed thereafter, including the assertion of a counterclaim by the Current Owners that asked the trial court to remove the notice of lien lis pendens filed by Mr. Finch. On August 19, 2015, after the completion of some discovery, Mr. Finch filed a second amended complaint. As is reflected in his second amended complaint, Mr. Finch asserted claims against the Defendants for breach of contract, intentional misrepresentation, violation of the Tennessee Consumer Protection Act ("TCPA"), intentional inducement to breach contract, and civil conspiracy. Among his many allegations was the assertion that the Defendants had falsely represented that they had a fully-executed contract for the sale of the property to Mr. Finch while knowing that they had not executed the contract with the proper parties. In addition to asking that the conveyance of the River Road Property to the Current Owners be rescinded, Mr. Finch prayed that the court order specific performance of the purported June 4, 2014 contract.

The proceedings in the trial court ultimately culminated in the trial judge entertaining competing cross-motions for summary judgment regarding Mr. Finch's claims for relief. Whereas Mr. Finch sought the entry of an order directing partial summary judgment in his favor on several of his claims, the various Defendants moved for an order dismissing his claims for relief. A hearing on the parties' respective motions for summary judgment was held in November 2015, and on December 1, 2015, the trial court entered an order denying Mr. Finch's motion for partial summary judgment in its entirety. In adjudicating the Defendants' various motions for summary judgment, the trial court dismissed all of Mr. Finch's claims, save for the intentional misrepresentation and TCPA claims asserted against the Realtor Defendants. The trial court also specifically terminated the lien lis pendens that Mr. Finch previously filed with the Davidson County Register of Deeds.

On December 18, 2015, the Realtor Defendants filed a motion to alter or amend wherein they argued that their motion for summary judgment should have been granted in its entirety. In pertinent part, they contended that Mr. Finch had failed to come forward with sufficient evidence to demonstrate that he had sustained damages. The trial court

agreed with this argument, and on February 12, 2016, it entered an order dismissing "all claims by Plaintiff . . . against all Defendants . . . with prejudice." The order was certified as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure, and Mr. Finch subsequently filed a notice of appeal.[1]

## Issues Presented

Mr. Finch raises five issues for our review, restated verbatim as follows:

1.  Whether the Trial Court erred by finding that the June 4, 2014 Contract is not a legal, valid, enforceable Contract.

2.  Whether the Trial Court erred by denying Plaintiff, Wesley Finch's, Motion for Partial Summary Judgment on the issue of the breach of the June 4, 2014 Contract.

3.  Whether the Trial Court erred by denying Plaintiff, Wesley Finch's, Motion for Partial Summary Judgment on the issues of intentional misrepresentation, civil conspiracy, inducement to breach, specific performance and equitable conversion.

4.  Whether the Trial Court erred in denying Plaintiff, Wesley Finch's, Motion for Partial Summary Judgment on the issue of the violations of the Tennessee Consumer Protection Act at Tennessee Code Ann. § 47-18-104(a), (b)(12), (b)(14), and (b)(22) against Defendants, Josh Anderson and Keller Williams Realty.

5.  Whether the Trial Court erred in granting Defendants, Josh Anderson and Keller Williams Realty's, Motion for Summary Judgment on the Plaintiff's claims for violations of the Tenn. Consumer Protection Act and intentional misrepresentation.

As additional issues, the Current Owners and Realtor Defendants argue that this is a frivolous appeal. Moreover, the Realtor Defendants maintain that the trial court erred in denying their request for attorney's fees under Tennessee Code Annotated section 47-18-109(e)(2).

---

[1] Subsequent to the filing of the appeal, the trial court entertained a joint motion by the Realtor Defendants for costs and attorney's fees under Tennessee Code Annotated section 47-18-109(e)(2). The Realtor Defendants had previously requested such an award in their respective answers to Mr. Finch's second amended complaint. The trial court ultimately denied their motion and certified that issue, along with its summary judgment ruling, as final pursuant to Rule 54.02.

## Standard of Review

In this appeal, we are tasked with reviewing the propriety of the trial court's order that dismissed Mr. Finch's claims at summary judgment. Accordingly, our standard of review is de novo, and we afford no presumption of correctness to the trial court's determination. *Maggart v. Almany Realtors, Inc.*, 259 S.W.3d 700, 703 (Tenn. 2008) (citations omitted). In determining whether a grant of summary judgment was proper, we are required to make a fresh determination that the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 471 (Tenn. 2012) (citations omitted). By rule, a motion for summary judgment should only be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

"The moving party has the ultimate burden of persuading the court that . . . there are no genuine issues of material fact and that it is entitled to judgment as a matter of law." *Town of Crossville Hous. Auth. v. Murphy*, 465 S.W.3d 574, 578 (Tenn. Ct. App. 2014) (citation omitted). If the moving party makes a properly supported motion for summary judgment, the burden of production then shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact. *Id.* (citation omitted). When a court is faced with competing cross-motions for summary judgment, it "must rule on each party's motion on an individual and separate basis." *CAO Holdings, Inc. v. Trost*, 333 S.W.3d 73, 83 (Tenn. 2010) (citations omitted). "The denial of one motion does not necessarily imply that the other party's motion should be granted." *Id.* (citation omitted).

## Discussion

We begin our analysis by addressing Mr. Finch's first two raised issues, which generally challenge the trial court's finding that the June 4 document did not represent a valid and enforceable contract. As we construe his brief, Mr. Finch not only appears to challenge the trial court's dismissal of his breach of contract claim at summary judgment, but he also expressly asserts that the trial court erred in denying *his* motion for summary judgment as it relates to the breach of contract claim.[2] We find no merit in Mr. Finch's assertion that the breach of contract claim should not have been dismissed.

---

[2] In their brief on appeal, the Current Owners argue that this Court does not have jurisdiction over the issues raised in Mr. Finch's brief to the extent that those issues challenge the *denial* of his motion for partial summary judgment. The Current Owners are correct in noting that the denial of a motion for summary judgment is an interlocutory decision and therefore not generally appealable. *See Williamson Cnty. Broad. Co. v. Williamson Cnty. Bd. of Educ.*, 549 S.W.2d 371, 373 (Tenn. 1977). Past decisions of this Court, however, indicate that we have treated a denial of a summary judgment motion as properly

It is undisputed that the June 4 document was not signed by all of the Former Owners, and during oral argument on appeal, Mr. Finch's attorney expressly admitted that his client was not entitled to specific performance of the entire tract in dispute. Instead, Mr. Finch's attorney argued that his client was only entitled to receive the corresponding interests of those owners who had signed the June 4 document. In our opinion, this position necessarily waives any potential argument Mr. Finch might have had concerning whether any of the signatures appearing on the June 4 document were authorized by, and intended to be binding on, the non-signatory owners of the River Road Property. As it is, therefore, only some of the Former Owners purportedly[3] provided their assent to the proposed sale contemplated by the June 4 document. Given the absence of the signatures of all of the Former Owners of the River Road Property, it is clear that there is no enforceable contract entitling Mr. Finch to receive a conveyance of the land. *See Nichols v. Blocker*, No. 87-110-II, 1988 WL 39569, at *4 (Tenn. Ct. App. Apr. 29, 1988) (noting that "in order to authorize enforcement of specific performance against all owners, the contract must be signed by all owners or by their duly authorized agent").

Although Mr. Finch argues that the June 4 document entitles him to partial specific performance vis-à-vis some of the Former Owners' interests, this issue was raised for the first time at oral argument. This results in a waiver of the issue. *See PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Mabry*, 402 S.W.3d 654, 662-63 (Tenn. Ct. App. 2012) (concluding that an issue was waived where it was raised at oral argument but not addressed in the trial court or in the appellate briefing). Assuming *arguendo* that the issue was not subject to waiver, we note that Mr. Finch's requested relief lacks legal support. In *Carr v. Ott*, 277 S.W.2d 419 (Tenn. Ct. App. 1954), a deed

---

appealable as of right when accompanied by a challenge to the granting of an opponent's summary judgment motion. *See Savage v. City of Memphis*, 464 S.W.3d 326, 335 (Tenn. Ct. App. 2015) ("Having determined that the trial court erred in granting summary judgment to Mr. Savage based on apparent authority, we turn to the City's argument that the trial court erred in denying its motion for summary judgment."); *Efird v. Clinic of Plastic and Reconstructive Surgery, P.A.*, 147 S.W.3d 208, 224 (Tenn. Ct. App. 2003) ("In sum, the trial court's grant of summary judgment in favor of Dr. Efird is reversed. The trial court's denial of the Clinic's motion for summary judgment is reversed in part and affirmed in part."); *Deuel v. Surgical Clinic, PLLC,* No. M2009-01551-COA-R3-CV, 2010 WL 3237297 (Tenn. Ct. App. Aug. 16, 2010) (reviewing grant of defendants' summary judgment motion and then proceeding to review denial of plaintiff's summary judgment motion). We note that this approach is similar to that taken in the Sixth Circuit Court of Appeals. *See Vill. of Grafton v. Rural Lorain Cnty. Water Auth.*, 419 F.3d 562, 565 (6th Cir. 2005) (citation omitted) (noting that a court can review the propriety of the lower court's denial of summary judgment when an appeal from the denial is presented in tandem with a grant of summary judgment).

[3] The Former Owners maintain that the June 4 document was sent by mistake and that they did not intend to send anything to Mr. Finch, or any other potential buyer, unless all owners had signed the agreement.

- 6 -

was prepared for execution by ten co-owners of land, but the deed was not signed by all co-owners. When litigation ensued over the matter, the trial judge held that specific performance was available against those co-owners who had signed the deed. *Id.* However, when the matter was appealed, this Court reversed the trial judge and held that the mutuality of remedy principle prevented such a result, stating as follows: "The parties contracted for the whole, not separate interests. . . . The complainants were seeking to buy the whole tract, i.e., all of the interests of all of the heirs—could they have been required to accept undivided interests? We do not think so." *Id.* at 423. Similarly, here, the purported contract on which Mr. Finch relies was for the conveyance of the entirety of the River Road Property. As he could not have been required to accept the undivided interests of those Former Owners that signed the June 4 document, there is no mutuality of remedy entitling him to specific performance of such interests.

It is clear that specific performance is unavailable to Mr. Finch, and the record does not reveal any proof of damages. That is, even if we assumed that the Former Owners who signed the June 4 document entered into some type of valid contract with Mr. Finch, albeit one incapable of specific performance, we could not conclude that dismissal of the breach of contract claim was improper. In connection with the summary judgment filings in this case, Mr. Finch was confronted with the following statement of fact: "Plaintiff has not incurred any actual monetary damages as a result of the events set out in his Complaint." Mr. Finch disputed this fact and simply stated that "[t]he loss of the land is a loss of money." In order to support his assertion that he had suffered damages, Mr. Finch cited to one of his interrogatory responses that had been exchanged as part of discovery. The cited interrogatory, and Mr. Finch's response thereto, is reproduced below:

> 5. Please identify and itemize the amount and nature of any and all damages you claim to have suffered as a result of the events set out in your complaint.
>
> RESPONSE:
>
> Some monetary damages would be money owed to Larry Craig for his time doing the title work and preparations for the closing. I have not yet received a bill. The only other damage incurred was the tremendous amount of my time that has been wasted. I also lost the property which has value. I have incurred attorney's fees as well as the lost property. I will supplement with specific numbers.

In our opinion, the response does not serve as sufficient evidence that damages were suffered by Mr. Finch. Whereas the response alludes to supposed categories of damages, no actual evidence of these damages is provided. Moreover, the interrogatory response does not even provide an estimation of the damages allegedly suffered. The response merely claims, without substantiation, that damages exist and concludes by promising to "supplement with specific numbers." There is no indication that Mr. Finch supplemented his proof with respect to this matter, and he did not cite to any other evidence for his damages when responding at summary judgment. Therefore, even if we assume a valid contract existed between Mr. Finch and the owner-signatories to the June 4 document, albeit one incapable of specific performance, Mr. Finch failed to demonstrate the existence of specific facts in the record which could lead a rational trier of fact to conclude that he suffered actual damages. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015) ("The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party."). He did not even provide a specific monetary estimate of his claimed damages. We therefore find no error in the trial court's decision to dismiss Mr. Finch's breach of contract claim.[4]

We next turn to the third issue in Mr. Finch's brief, which states that the trial court erred in denying his motion for partial summary judgment on his claims for intentional misrepresentation, civil conspiracy, inducement to breach, specific performance, and equitable conversion. We have already discussed the specific performance question above, and as an initial matter, we note that the argument section of Mr. Finch's brief on this issue only discusses the intentional misrepresentation claim. Any grievances he has with respect to the other matters nominally raised as an issue are therefore waived. *See Childress v. Union Realty Co., Ltd.*, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002) (citation omitted).

With regard to the misrepresentation claim advanced by Mr. Finch, we note Mr. Finch challenges the trial court's denial of his motion for summary judgment concerning the claim, and elsewhere in his brief, he generally contends that the trial court erred in dismissing the claim. Because we are of the opinion that the misrepresentation claim was properly dismissed at summary judgment, we find no reason to disturb the trial court's judgment on this issue.

---

[4] Although we also observe that the previously cited *Nichols* decision notes that putative buyers may recover consideration paid in anticipation of a completed sale when the lack of a signature binding one of the owners prevents specific performance, *see Nichols*, 1988 WL 39569, at *4, there is no dispute in this case that the earnest money check Mr. Finch tendered was returned uncashed.

Mr. Finch's misrepresentation claim is predicated on the notion that the Defendants purported to sell the River Road Property to him while knowing that they were not legally capable of doing so. According to Mr. Finch, as a result of the Defendants' misrepresentations regarding the sale of the land, he has sustained "significant financial damages." Having reviewed the record transmitted to us on appeal, however, we again observe that Mr. Finch failed to demonstrate the existence of any actual damages at summary judgment when responding to the assertion that no damages had, in fact, been incurred. As already noted, Mr. Finch's only cited proof of damages was an interrogatory response wherein he alluded to the existence of damages and promised to "supplement with specific numbers." There is no indication that Mr. Finch ever supplemented his discovery to this effect, and he certainly did not cite to any other evidence at summary judgment relevant to his supposed damages. To this end, we conclude that the trial court did not err in resolving this matter at summary judgment and thereby avoiding the time and expense of a trial. *See Hodge v. Craig*, 382 S.W.3d 325, 343 (Tenn. 2012) (citations omitted) (noting that to recover for intentional misrepresentation, a plaintiff must prove, *inter alia*, that he or she "sustained damages as a result of the representation").[5]

Mr. Finch's failure to cite to sufficient evidence of actual damages at summary judgment also helps us to dispose of his fourth and fifth issues raised on appeal. These issues challenge the trial court's decision to dismiss Mr. Finch's TCPA claim against the Realtor Defendants and its failure to grant him partial summary judgment regarding same.[6] To recover under the TCPA, a plaintiff must prove that the defendant's conduct caused an "'ascertainable loss.'" *Tucker v. Sierra Builders*, 180 S.W.3d 109, 115 (Tenn. Ct. App. 2005) (quoting Tenn. Code Ann. § 47-18-109(a)(1)). If an ascertainable loss is established, actual damages can be recovered if the plaintiff lays a sufficient foundation to allow the trier of fact to make a reasonable assessment of damages. *Discover Bank v. Morgan*, 363 S.W.3d 479, 496 (Tenn. 2012) (citations omitted).

The trial court dismissed Mr. Finch's TCPA claim against the Realtor Defendants by concluding that his damages evidence at the summary judgment stage was

---

[5] We express no opinion as to the propriety of the trial court's reasons for dismissing the misrepresentation claim against some of the Defendants to the extent that they may differ from our own herein. We are permitted to affirm the grant of summary judgment on different grounds than relied on by the trial court. *See White v. Empire Express, Inc.*, 395 S.W.3d 696, 717 (Tenn. Ct. App. 2012) (citation omitted).

[6] Technically, we observe that Mr. Finch's fifth raised issue also challenges the trial court's decision to grant the Realtor Defendants summary judgment on the intentional misrepresentation claim. Inasmuch as we have already discussed the misrepresentation claim as it relates to all of the Defendants and affirmed its dismissal due to the absence of proof regarding damages, we need not revisit it again.

"insufficient." We find no error in this conclusion. Again, the interrogatory response relied on by Mr. Finch to prove his damages in this case would not allow a rational trier of fact to conclude that he suffered actual damages. Indeed, the cited evidence provides no foundation for an assessment of damages, as it does not even provide an estimate of any damages that were allegedly sustained. Accordingly, we affirm the trial court's dismissal of Mr. Finch's TCPA claim.

In closing, we address two matters concerning requests for attorney's fees. First, we address the Realtor Defendants' contention that they, as prevailing parties in the trial court, should have been awarded attorney's fees pursuant to Tennessee Code Annotated section 47-18-109(e)(2). Under that statutory provision, a court may require the person instituting a TCPA action to indemnify a defendant for any damages incurred, including attorney's fees, "upon finding that the action is frivolous, without legal or factual merit, or brought for the purpose of harassment." Tenn. Code Ann. § 47-18-109(e)(2). An award of fees pursuant to this section rests within the discretion of the trial court. *See Wagner v. Fleming*, 139 S.W.3d 295, 304 (Tenn. Ct. App. 2004). In our view, the argument section of the Realtor Defendants' brief does not contain adequate argument explaining why the trial court's refusal to award fees was an abuse of discretion. To begin, we note that they argue, in part, that "there [was] no reasonable basis for Plaintiff's claims against the Defendants for breach of contract, civil conspiracy, inducement to breach, specific performance, or equitable conversion." Respectfully, such contentions are irrelevant to whether attorney's fees might be awarded under Tennessee Code Annotated section 47-18-109 for defending a *TCPA* claim. Further, although the Realtor Defendants do point out that Mr. Finch failed to produce sufficient evidence of damages regarding his claims, this alone does not warrant an award of attorney's fees. Relief under the statute is not mandatory but, again, properly rests within the discretion of the trial court. Inasmuch as the Realtor Defendants' brief contains no substantive argument explaining how the trial court abused its discretion, we decline to disturb the trial court's decision to not award attorney's fees in this case.

Lastly, we consider the request of the Realtor Defendants and the Current Owners that they be awarded damages pursuant to Tennessee Code Annotated section 27-1-122. Pursuant to that statute, damages may be recovered on the following terms:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122. Determining whether to award damages under this provision is a discretionary decision. *Young v. Barrow*, 130 S.W.3d 59, 66-67 (Tenn. Ct. App. 2003) (citation omitted). Exercising our discretion in this case, we decline to award any of the Defendants damages pursuant to Tennessee Code Annotated section 27-1-122.

**Conclusion**

For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed against the Appellant, Wesley Finch, and his surety, for all of which execution may issue if necessary. This case is remanded to the trial court for the collection of costs, enforcement of the judgment, and for such further proceedings as may be necessary and are consistent with this Opinion.

_____
ARNOLD B. GOLDIN, JUDGE